FILED
JAMES J. VILT, JR. - CLERK

APR 20 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                        CRIMINAL NO. 3:25-CR-95-DJH

MATTHEW RYAN ELKINS                                          DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Matthew Ryan Elkins, and his attorney, Scott Cox, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 1365(a) and 2118(b) and Title 21, United States Code, Sections 843(a)(3) and 846. Defendant further acknowledges that the Indictment in this case seeks forfeiture of any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following:

The forfeiture of Defendant's Kentucky nursing licenses to wit, Advanced Practice Registered Nurse-Certified Registered Nurse Anesthetist (APRN-CRNA) license number 3007849 and Registered Nurse (RN) license number 1134026, as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

pursuant to Title 21, United States Code, Section 853 by reason of the offense charged in Count 2 of the Indictment.

2.     Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.     Defendant will enter a voluntary plea of guilty to the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the following factual basis for this plea:

ELKINS worked as a contract nurse anesthetist for a Louisville, Kentucky pain treatment center, run by a physician. As such, ELKINS had access to the building and to safes containing controlled substances. Patients of the pain treatment center's physician were typically palliative care patients, patients with histories of cancer, spinal injuries, brain injuries, failed back surgeries, or other severe disease. The pain treatment center's physician treated these patients by implanting intrathecal pain pumps. The liquid medications in these pumps are refilled periodically using a pre-filled syringe containing the pain medicine which is shipped directly to the office from a compound pharmacy outside Kentucky. The pre-filled syringes come bearing the patient's name and filled according to that particular patient's needs. Prior to filling the patient's pump, the pre-filled syringe is stored in the office safe.

On March 21, 2024 at approximately 1:21 a.m., an LMPD patrol officer found an unoccupied BMW sitting in the exit way of the parking lot of the pain treatment center. It was not parked in a designated spot, and thus caught the officer's attention. ELKINS then approached the vehicle. He had cuts on his head, was bleeding from his left ear, and his shirt was torn. He told the officer he was training for a "tough mudder" competition by running on sidewalks and through bushes. Another officer who had arrived for backup began to canvas the building to check for signs of forced entry. He located several syringes and small vials of purported sodium chloride in the shrubbery around the building.

In a mirandized interview, ELKINS stated he was a nurse anesthetist who traveled to different facilities around Kentucky and Southern Indiana to provide anesthesia services. He stated he worked at this location as a nurse anesthetist one day per week, but he had been coming to the location to remove narcotics twice a week. ELKINS described how he would remove pain medications from pre-filled syringes (intended for specific patients' pain pumps), deposit the pain meds into a separate vial (typically an empty sodium chloride vial which he marked on to indicate to himself what was inside), and save them for personal use at a later date. After removing the pain medications from the

2

syringes, ELKINS would refill them with sodium chloride in an attempt to evade detection.

ELKINS admitted to taking the narcotics found on the ground outside the office from the safe of the business. He stated his intent was to bring the medications to his car in order to remove 4-5cc of narcotics, although he later acknowledged he could not be entirely sure that he hadn't already removed some of the medicine. ELKINS also told officers there were more narcotics inside his vehicle. ELKINS stated he was taking the medications for personal use, and he injected them intramuscularly. ELKINS stated he had been removing medications like this for the past three months.

Items seized from outside of the office and from ELKINS' car the night of his arrest were sent to the FDA lab for testing.

### Count 1: Tampering

A pre-filled, capped syringe, bearing the name of PATIENT 1 had the following drugs and amount listed on the container: PF Fentanyl Citrate 3,000 mcg/mL, PF Bupivacaine HCl 3mg/mL. Lab testing initially detected the presence of fentanyl, bupivacaine, and morphine. Further lab testing determined the concentration of fentanyl to be only .4% of what was declared on the pharmacy label (12.44 +/- 1.1 mcg/mL instead of 3,000 mcg/mL).[1]

The syringe contains 20mL of liquid (it was actually marked as a 30mL syringe, but many of the others appear to be 20mL, so this would not be so out of the ordinary as to draw attention) and it is only .4% of what it is supposed to be. This is consistent with what ELKINS described—removing the narcotic liquid and replacing with non-narcotic (like a sodium chloride solution). His stated intention was to return this syringe to the safe so his crime would continue to go undetected.

### Count 2: Obtain CS by Fraud/Deceit

Three vials bearing labels for sodium chloride, which also contained handwritten markings that ELKINS explained were his markings, all contained fentanyl and bupivacaine (and one of them also contained morphine). This is consistent with ELKINS' description of how he used the empty sodium chloride vials to store the drugs he had removed from patient pre-filled syringes before replacing with sodium chloride.

### Count 3: Burglary Involving CS

ELKINS was not authorized to enter the office (much less the narcotics safe) after-hours for this purpose. The physician in charge of the pain treatment center would verify that he did not have such authorization. ELKINS exceeded his authorized access in order to steal the controlled substances found outside the office.

---

[1] It should also be noted that the syringe was not supposed to contain morphine. The concentration of morphine in the sample was less than .7mcg/mL.

ELKINS' conduct occurred within the Western District of Kentucky. The pain treatment center and its physician were registered with the DEA under Section 302 of the Controlled Substances Act at all times relevant to this indictment. The pre-filled syringe intended for PATIENT 1 had been shipped to the pain treatment center inside the Western District of Kentucky from a location outside of Kentucky.

4.    Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of twenty-four years, a combined maximum fine of $750,000, and a three year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

4

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.      Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree and stipulate that Defendant shall pay restitution in the amount to be determined at sentencing. The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
|---|---|
| Various | To be determined at sentencing |

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial

interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third party(ies). Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) However, the Defendant may not withdraw his guilty plea because of his breach. The defendant further

7

understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300 to the United States District Court Clerk's Office by the date of sentencing.

11.    At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[2]

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of the defendant's nursing licenses, as further described in paragraph 1, above.

12.    Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

---

[2] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry

of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

17.    Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18.    The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

19.    It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____          ___4/20/26_____
Erin McKenzie                                           Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____          ___4/20/26_____
Matthew Elkins                                         Date
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          ___20 Ap. 1 26_____
Scott Cox                                               Date
Counsel for Defendant

11

KGB:egm

12

United States Department of Justice                              Financial Disclosure Statement – Individual
United States Attorney's Office                                                                    Page 1 of 24

---

The United States of America is authorized to inquire about your financial condition and economic circumstances and may verify any information provided in this Financial Disclosure Statement.

This statement is considered incomplete unless you have (1) completed each section fully and accurately, including those sections applicable to your spouse (if not relevant information, enter "Not Applicable" or "N/A"), (2) provided all supportive documentation in your custody, possession, and control identified in Section 16 of this disclosure statement, (3) certified that the information contained herein is true and correct as of the date that you submit this form to the United States Attorney's Office as set forth in the attached Certification, and (4) initialed the bottom of each page of this form acknowledging that the information you are providing is current, accurate, and complete as of the date that you are submitting it.

I ☐ am ☐ am not *(check one)* represented by counsel in the collection of this debt. If I am represented by counsel, I acknowledge having reviewed the foregoing instructions with my counsel,_____
_____ *(name, phone number, email)*.

NOTE: If additional space is needed in completing any of the sections on this statement, please make a copy of the relevant page(s) and attach it to this form.

---

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 (*see* Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501–530A; 28 U.S.C. § 1651, 3201–3206; 31 U.S.C. § 3701–3731; 44 U.S.C. § 3101; 31 C.F.R. Part 900 *et seq.*; 28 C.F.R. § 0.160, 0.171 and Appendix to Subpart Y; and 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the applicable Privacy Act System of Records Notice: JUSTICE/DOJ-001 Accounting Systems for the Department of Justice - 69 FR 31406; JUSTICE/DOJ-016 Debt Collection Enforcement System - 77 FR 9965; JUSTICE/TAX-001 Criminal Tax Case Files, Special Project Files, Docket Cards, and Associated Records - 71 FR 11446, 447; JUSTICE/USA-005 Civil Case Files - 53 FR 1864; and JUSTICE/USA-007 Criminal Case Files - 53 FR 1864. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

---

My response(s) on this page are current, accurate, and complete as of the date that I submit this Financial Disclosure Statement to the United States Attorney's Office, under penalty of perjury. Debtor's Initials: _____      Financial Disclosure Statement – Individual
                                                                                                    Version: July 2023